Anthony G. GILL, Plaintiff–Appellant,

v.

Janice DeFRANK, R.N., Woodbourne C.F.; Elizabeth R.N., Woodbourne C.F.; C.O. S. Stenros, Woodbourne C.F.; Sgt. Tybrowski, Woodbourne C .F.; Sgt. I. Spafford, Woodbourne C.F., Defendants–Appellees.

No. 00–0235.

United States Court of Appeals, Second Circuit.

April 16, 2001.

---

**36**

Anthony G. Gill, pro se.

Eliot Spitzer, Attorney General of the State of New York; Michael S. Belohlavek, Deputy Solicitor General, Marion Buchbinder and Sachin S. Pandya, Assistant Solicitors General, Of Counsel, on the brief, New York, NY, for appellees.

Present NEWMAN, PARKER, and SACK, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AFFIRMED.

Plaintiff–Appellant Anthony G. Gill appeals from the district court's July 6, 2000 memorandum and order adopting in part and modifying in part Magistrate Judge Peck's March 9, 2000 Report and Recommendation, and granting summary judgment in favor of Defendants Appellees on all of his claims. Gill brought this action in 1997 pursuant to 42 U.S.C. § 1983. In his complaint, Gill alleged that in May 1997, Defendants–Appellees, who are medical personnel and correctional officers at Woodbourne Correctional Facility, violated his First Amendment free exercise rights by refusing his request to attend a Jehovah's Witness religious service, violated his Eight Amendment right to be free from cruel and unusual punishment by ordering him to perform work which was contrary to his posted medical restrictions, violated his constitutional right to privacy by disclosing his HIV status to non-medical personnel, and violated his due process rights by filing a false misbehavior report against him in retaliation for his lodging a prison grievance against Defendant–Appellee DeFrank and other staff members. Gill also alleged numerous state law claims.

Upon Defendants–Appellees' motion for summary judgment, Magistrate Judge Peck filed a report and recommendation on March 9, 2000 in which he recommended that the motion be granted with respect to Gill's Eighth Amendment, retaliation, and due process claims, and that the motion be denied with respect to Gill's First Amendment claim, his privacy claim, and his state law claims. *Gill v. DeFrank,* No. 98 Civ. 7851JSRAJP, 2000 WL 270854, at *1 (S.D.N.Y. March 9, 2000).

In a memorandum and order dated July 6, 2000, the district court adopted in part and modified in part the report and recommendation. *Gill v. DeFrank,* No. 98

Civ. 7851(NRB), 2000 WL 897152, at *1 (S.D.N.Y. July 6, 2000). The court adopted the report as to the claims on which it granted Defendants–Appellees' motion, but modified the report with respect to the First Amendment and privacy claims, granting summary judgment on those claims as well. *Id.* With respect to Gill's First Amendment claim, the court concurred with holdings in other district courts which held that "missing one religious service does not constitute a substantial burden on an inmate's right to the free exercise of his religion. Accordingly, as Gill missed only one service, defendants did not substantially burden his free exercise rights and his claim should be dismissed." *Id.* at *2 (internal citations omitted). The court further concluded that Defendants–Appellees are entitled to qualified immunity on the First Amendment claim because, "insofar as there had been disagreement [as of May 1997] among district courts, as to whether missing a single religious service constitutes a violation of religious rights, it cannot be said that the law was 'clearly established' at the time of the relevant events." *Id.* (internal citation omitted). With respect to Gill's privacy claim, the court concluded that "Gill's right to privacy regarding his HIV status was not clearly established law in 1997, and thus defendants are entitled to qualified immunity on this claim." *Id.* at *3. Finally, the court dismissed Gill's pendent state law claims and closed the case. *Id.* at *3–4.

 We review the district court's order granting summary judgment de novo and focus on whether the district court properly concluded that there was no genuine issue of material fact and that the moving party was entitled to judgment as a matter of law. *Allstate Ins. Co. v. Mazzola,* 175 F.3d 255, 258 (2d Cir.1999). Having conducted such a review, we con-clude that summary judgment on all claims was warranted, and affirm, for substantially the same reasons as stated in the Magistrate Judge's report and recommendation as to the claims for which the Magistrate Judge recommended dismissal, 2000 WL 270854 at *1, and in the district court's memorandum and order, 462 Mich. 591, 614 N.W.2d 88, 2000 WL 987152 at *1.

For the reasons set forth above, the judgment of the district court is AFFIRMED.